IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Mitchell A. Dogan,<br><br>Plaintiff,<br><br>vs.<br><br>Kathy White, Shana Peeler, Nursing Staff, Spartanburg County Detention Facility,<br><br>Defendants. | C/A No. 4:26-cv-01867-JFA-TER<br><br>**ORDER** |

## I. INTRODUCTION

Plaintiff Mitchell A. Dogan, ("Plaintiff") proceeding *pro se*, brings this action alleging violations of his civil rights. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), the case was referred to the Magistrate Judge for initial review.

After performing an initial review, the Magistrate Judge assigned to this action notified Plaintiff of several deficiencies in his Complaint. (ECF No. 7). Thereafter, Plaintiff filed an Amended Complaint. (ECF No. 10). The Magistrate Judge then prepared a thorough Report and Recommendation ("Report"). (ECF No. 14). Within the Report, the Magistrate Judge opines that this matter should be summarily dismissed. The Report sets forth, in detail, the relevant facts and standards of law on this matter, and this Court incorporates those facts and standards without a recitation.

After the Report was filed, Plaintiff failed to file any objections but did file an amended complaint. (ECF No. 18). Therefore, this matter is ripe for review.

## II. LEGAL STANDARD

The court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1). However, a district court is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Report of the Magistrate, this court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Thus, the court must only review those portions of the Report to which Petitioner has made a specific written objection. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, No. 0:15-cv-04009-JMC, 2017 WL 6345402, at *5 n.6 (D.S.C. Dec. 12, 2017) (citing *One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). A specific objection to the Magistrate Judge's Report thus requires more than a reassertion of arguments from the complaint or a mere citation to legal authorities. *See Workman v. Perry*, No. 6:17-cv-00765-RBH, 2017 WL 4791150, at *1 (D.S.C. Oct. 23, 2017). A specific objection must "direct the court to a specific error

in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

"Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288-PMD, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007) (citing *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)). The court reviews portions "not objected to—including those portions to which only 'general and conclusory' objections have been made—for *clear error*." *Id.* (emphasis added) (citing *Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 200; *Orpiano*, 687 F.2d at 47).

## III. DISCUSSION

As stated above, the relevant facts and standards of law on this matter are incorporated from the Report. Relevant here, the Magistrate Judge recommended dismissal for various reasons including failing to specify how each individual named interacted with or bore responsibility for the alleged constitutional deprivation. (ECF No. 14).

After the Report was filed, Plaintiff made a filing containing a second amended complaint. The Court construes the contents of this filing as a motion for leave to amend the complaint which also includes a proposed second amended complaint. (ECF No. 18). It appears Plaintiff made this filing in order to address the deficiencies identified within the Report.

Consequently, the court acknowledges Plaintiff's attempt to cure the deficiencies in his prior pleadings. Mindful of Plaintiff's pro se status, the court finds dismissal premature at this time. Accordingly, this Court grants Plaintiff leave to amend his Complaint and

considers the filing at (ECF No. 18) the operative pleading. Although it is unclear if Plaintiff's filing fully complies with the Magistrate Judge's prior orders, the court recognizes Plaintiff's desire to pursue his claims.

## IV. CONCLUSION

After a thorough review of the Report, the applicable law, and the record of this case, the Court respectfully declines to adopt the Report. (ECF No. 14). Plaintiff's submissions, which were filed only after the Magistrate Judge issued the Report, evidence his desire to cure prior deficiencies and pursue his claims. Accordingly, dismissal is premature at this time. This matter is therefore recommitted back to the Magistrate Judge for further proceedings. The Clerk is ordered to update Plaintiff's mailing address to 251 Dogwood Club Road Spartanburg, SC 29302 pursuant to Plaintiff's recent filing in 4:26-cv-03098-JFA-TER.

IT IS SO ORDERED.

Joseph F. Anderson, Jr.

August 17, 2026
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge